KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ralph John Chapa, | ) | No. CV 09-683-PHX-DGC (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| K.S. Reddy, | ) | |
| Defendant. | ) | |

Plaintiff Ralph John Chapa, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendant Reddy to answer Count I of the Complaint and will dismiss the remaining claim without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**TERMPSREF**

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.   Complaint

Plaintiff names Maricopa County Sheriff's Office Dietician K.S. Reddy as Defendant in the Complaint. Plaintiff alleges two grounds for relief: (1) Defendant violated Plaintiff's Fourteenth Amendment rights by failing to provide Plaintiff with sufficient food, which caused Plaintiff to suffer abdominal pain and to pass out, and by repeatedly providing Plaintiff with peanut butter, which Plaintiff could not eat; and (2) Plaintiff's right to practice his religion is denied because he is provided with a non-kosher lunch sack that is prepared in a non-kosher kitchen and not prepared in accordance with kosher law. Plaintiff seeks money damages and injunctive relief.

## IV.   Failure to State a Claim–Count II

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff fails to link the injuries he describes in Count II with the named Defendant or with any other individual. Plaintiff's allegations in Count II therefore fail to state a claim and will be dismissed.

## V.   Claims for Which an Answer Will be Required

Liberally construed, Plaintiff's allegations in Count I adequately state a claim and the Court will require Defendant Reddy to answer Count I.

TERMPSREF

- 2 -

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) Count II is **dismissed** without prejudice.

(4) Defendant Reddy must answer Count I.

1       (5)     The Clerk of Court must send Plaintiff a service packet including the
2  Complaint (Doc. #1), this Order, and both summons and request for waiver forms for
3  Defendant Reddy.

4       (6)     Plaintiff must complete and return the service packet to the Clerk of Court
5  within 20 days of the date of filing of this Order. The United States Marshal will not provide
6  service of process if Plaintiff fails to comply with this Order.

7       (7)     If Plaintiff does not either obtain a waiver of service of the summons or
8  complete service of the Summons and Complaint on Defendant within 120 days of the filing
9  of the Complaint or within 60 days of the filing of this Order, whichever is later, the action
10 may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

11      (8)     The United States Marshal must retain the Summons, a copy of the Complaint,
12 and a copy of this Order for future use.

13      (9)     The United States Marshal must notify Defendant of the commencement of this
14 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
15 Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The
16 Marshal must immediately file requests for waivers that were returned as undeliverable and
17 waivers of service of the summons. If a waiver of service of summons is not returned by
18 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
19 Marshal must:

20          (a)     personally serve copies of the Summons, Complaint, and this Order upon
21      Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

22          (b)     within 10 days after personal service is effected, file the return of service
23      for Defendant, along with evidence of the attempt to secure a waiver of service of the
24      summons and of the costs subsequently incurred in effecting service upon Defendant.
25      The costs of service must be enumerated on the return of service form (USM-285) and
26      must include the costs incurred by the Marshal for photocopying additional copies of
27      the Summons, Complaint, or this Order and for preparing new process receipt and
28      return forms (USM-285), if required. Costs of service will be taxed against the

**TERMPSREF**                                            - 4 -

1 personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
2 Procedure, unless otherwise ordered by the Court.
3 (10) **If Defendant agrees to waive service of the Summons and Complaint,**
4 **Defendant must return the signed waiver forms to the United States Marshal, not the**
5 **Plaintiff.**
6 (11) Defendant must answer the Complaint or otherwise respond by appropriate
7 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
8 Rules of Civil Procedure.
9 (12) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules
10 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
11 under 28 U.S.C. § 636(b)(1).
12 DATED this 5th day of May, 2009.

_David G. Campbell_
David G. Campbell
United States District Judge